**LAW OFFICES OF JAMES C. DEZAO, P.A.**
322 Route 46 West
Suite 120
Parsippany, New Jersey 07054
(973) 808-8900
Attorney for Plaintiff(s)

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOBBI LANDROCK, individually and on behalf of the ESTATE OF CHRISTINA MANLEY, <br><br> Plaintiffs, <br><br> v. <br><br> ALISON PACK, MD, COMPREHENSIVE EPILEPSY CENTER, NEUROLOGICAL INSTITUTE, JOHN DOE 1-10, and/or DOE CORPORATION 1-0 <br><br> Defendants. | CIVIL NO.: <br> CIVIL ACTION |

### COMPLAINT AND JURY DEMAND

The Plaintiffs, Estate of Christina Manley ("the Plaintiff") and Bobbi Landrock ("Landrock")(collectively, "the Plaintiffs"), complaining of the Defendants, Dr. Alison Pack, MD, ("Pack"), Comprehensive Epilepsy Center ("Comprehensive Epilepsy"), Neurological Institute ("Institute"),John Does 1-0, and/or Doe Corporation 1-0 ("the Defendants"), alleges:

*Jurisdiction*

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C.§552a(g)(1); and Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in the United States District Court for the District of New

3. Jersey pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and

§1391(b)(1) because all of the parties do not reside and/or do not do business within this District.

## *Parties*

4. Plaintiff, Estate of Christina Manley, was a citizen of New Jersey residence of 289 East Stone Trail in the Township of Sparta, County of Sussex and State of New Jersey.

5. Plaintiff, Bobbi Landrock, is a citizen of the State of New Jersey with a residence of 289 East Stone Trail in the Township of Sparta, County of Sussex and State of New Jersey.

6. Dr. Alison Pack, M.D., was at all relevant times, a doctor licensed to practice, in The State of new York, specializing in the field in Neurology. Upon information and belief, citizen of New York with principal place of business in New York Presbyterian Hospital.

7. Defendants, Comprehensive Epilepsy Center upon information and belief, is a care center for patients with a primary citizenship located at 223 East 34th Street, in the City of New York and State of New York.

8. Defendants, Neurological Institute, upon information and belief is a care center for patients with a primary citizenship located at 710 West 168th Street in the City of New York and State of New York.

9. John Does 1-10 are, upon information and belief, citizens of the State of New York.

10. Doe Corporation 1-10 is, upon information and belief, citizens of the State of New York with principle places of business in the State.

*Facts*

11. On or about May 1, 2011, the Plaintiff suffered epileptic seizures and sought treatment with Defendant Pack, and was treated, at Defendant, Comprehensive Epilepsy and Defendant, Institute.

12. Plaintiff was required from the Department of Motor Vehicles to see Defendant, Alison Pack, M.D. every six months to maintain a valid driver's license.

13. On or about February 26, 2011 Plaintiff saw Defendant, Alison Pack, M.D. and at that appointment her dosages of Lamictal was increased from 200 mg to 300 mg.

14. On or about March of 2011 Plaintiff saw Defendant, Alison Pack, M.D. because she had swelling at the temporal lobe as well as terrible headaches. Plaintiff explained to Defendant that she was having these issues and wanted an MRI done.

15. Defendant, denied Plaintiff an MRI, stating it was not medically necessary.

16. On May 1, 2011, Plaintiff passed away from a brain aneurysm.

### First Count:
*Medical Malpractice*

17. The Plaintiff repeats and realleges the allegations made in Paragraphs 1-16.

18. At all times relevant hereto, the Defendant, Alison Pack, M.D. was charged with not meeting the standards required of medical professionals/doctors with regard to the Plaintiff's care.

19. The Defendant, Alison Pack, M.D., breached that standard of care in failing to conduct the appropriate diagnostic tests, and failing to properly and fully evaluate the symptoms of the Plaintiff.

20. As a direct and proximate result of the Defendants' negligence, the Plaintiff suffered injury and ultimately death.

21. The Plaintiff's injury and death was a foreseeable result of the Defendants' negligence.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, Alison Pack, M.D., Comprehensive Epilepsy Center, Neurological Institute, John Does 1-10, and/or Doe Corporations 1-10, jointly and severally, for damages, together with any other and further relief as the Court deems just and proper.

*WHEREFORE, Plaintiff respectfully prays this Court:*

a. Direct the Defendants to amend the Plaintiff's records in accordance with his requests, or in such other way as the court may direct;

b. Award the Plaintiff reasonable attorney fees and other litigation costs reasonably incurred in this case against;

c. Award the Plaintiff actual damages in an amount not less than $1,000;

d. Emotional distress damages;

e. To award her such other and further relief as this Court deems just and proper.

## Second Count:
*Respondeat Superior*

22. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-21 of the Complaint as though set forth herein more fully at length.

23. The negligent and improper actions or inactions of the Defendant, Alison Pack, M.D., as aforesaid were made during the course of her employment or within the scope of her employment with the Defendant care facility/institution, Neurological Institute and Defendant, Comprehensive Epilepsy Center, and said Defendant care facilities/institutions are liable for the negligent and/or improper actions or inactions of Defendant, Alison Pack, M.D., under principles of

respondeat superior or applicable principles of agency or applicable principles of patient care facilities, institutions or otherwise.

**WHEREFORE**, Plaintiff, Estate of Christina Manley and Bobbi Landrock, demands judgment against the Defendants, Neurological Institute Epilepsy Center, John Does 1-10, and/or Doe Corporations 1-10, and its members, jointly, severally and/or in the alternative, in the amount of his damages, together with interest and costs of suit.

### Third Count:
*Portee*

24. Plaintiff repeats each and every allegation contained in the foregoing paragraphs 1-23 of this Complaint and incorporate same as if fully set forth herein.

25. Plaintiff, Bobbi Landrock was the parent of the deceased Christina Manley.

26. As a proximate result of the negligence of Defendant, Alison Pack, M.D., Plaintiff ultimately sustained life threatening injuries and in fact did die as a result thereof.

27. The Plaintiff, Bobbi Landrock did view and come into contact with her daughter Christina Manley during the course of her injuries, delay in treatment and death.

28. The Defendants are responsible for the negligent infliction of emotional distress upon Bobbi Landrock.

**WHEREFORE**, Plaintiffs demand judgment for damages against all Defendants, jointly and severally or in the alternative, together with interest, attorney's fees and costs of suit.

### Fourth Count:
*Wrongful Death (N.J.S.A. 2A:31-1)*

29. The Plaintiff repeats and realleges the statements contained in Paragraphs 1-28.

30. The Defendants owed the Decedent the duty of exercising reasonable care in evaluating, diagnosing and treating her symptoms with reasonable care.

31. The Defendants breached the aforementioned duty by, *inter alia*, failing to properly evaluate the Plaintiff's symptoms when she presented at her appointments and requested diagnostic testing to be conducted.

32. As a result of the Defendants' breach, the Plaintiff was not properly evaluated and therefore caused the Decedent to die from lack of diagnosis and proper treatment planning.

33. The Decedent died as a result of the Defendants' breach of their duty to practice the standards of care when evaluating patients who present with symptoms.

34. The Decedent's death was a foreseeable result of the Defendants' negligence in failing to conduct diagnostic testing in order to evaluate the symptoms the Plaintiff continued to have, thereby failing to develop a treatment plan.

35. As a direct and proximate result of the Defendants' negligence, and the Decedent's resulting death, the Plaintiff sustained pecuniary loss, economic damages and loss, loss of society, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education, and loss of motherly care.

36. Upon the death of the Decedent, she was survived by the Plaintiff, Bobbi Landrock, mother, who sustained pecuniary losses resulting from her death.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for the Decedent's wrongful death, jointly and severally, for economic damages, compensatory damages, punitive damages, including cost, attorney's fees, and interest.

### Fifth Count:
*Survivorship (N.J.S.A. 2A: 15-3)*

37. The Plaintiff repeats and restates the allegations made in Paragraphs 1-36 above.

38. The Defendants owed the Decedent the duty of exercising reasonable care for the protection of their patients, as the decedent was/had been a patient of the Defendants.

39. The Defendants negligently breached this duty, resulting in the Decedent's death.

40. As a direct and proximate result of the Defendants' negligence, the Estate incurred medical bills and funeral expenses.

42. As a direct and proximate result of the Defendants' negligence, the Decedent suffered pre-death fright and conscious pain and suffering until her death.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for the Decedent's wrongful death, jointly and severally, for economic damages, compensatory damages, punitive damages, including cost, attorney's fees, and interest.

### Sixth Count:
*Negligence*

1. The Plaintiff repeats and restates the allegations made in Paragraphs 1-42.

2. The Defendants owed the Decedent, Christina Manly, the duty of exercising reasonable care and treatment for her symptoms.

3. The Defendants breached that duty by failing to perform testing, develop a treatment plan, and properly evaluate the Plaintiff's symptoms.

4. As a direct and proximate result of the Defendants' failure, the Decedent passed away on May 1, 2011.

**WHEREFORE**, the Plaintiffs, demands judgment against the Defendants, jointly and severally, for economic and non-economic damages, compensatory damages, punitive damages, costs, reasonable attorney's fees, and interest.

Law Offices of James C. DeZao, P.A.
Attorneys for Plaintiff

Dated: 5/1/13

By: _____
JAMES C. DEZAO, ESQ.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a Trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that James C. DeZao, P.A. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Law Offices of James C. DeZao, P.A., pursuant to R.4:25 et. seq.

Dated: 5/1/13

Law Offices of James C. DeZao, P.A.
Attorneys for Plaintiff

By: _____
JAMES C. DEZAO, ESQ.

## CERTIFICATION

      Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. <u>OTHER ACTIONS PENDING?</u>..............................YES ___ NO_X_
A. If YES - Parties to other Pending Actions.

B. In my opinion, the following parties should be
joined in the within pending Cause of Action.

2. <u>OTHER ACTIONS CONTEMPLATED?</u>........................YES___NO_X_
A. If YES - Parties contemplated to be joined, in
other Causes of Action.

3. <u>ARBITRATION PROCEEDINGS PENDING?</u>...................YES ___ NO_X_
A. If YES - Parties to Arbitration Proceedings.

B. In my opinion, the following parties should be
joined in the pending Arbitration Proceedings.

4. <u>OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?</u>........YES ___ NO X</u>
A. If YES - Parties contemplated to be joined to
Arbitration Proceedings.

      In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

Dated: 5/1/13

                        Law Offices of James C. DeZao, P.A.
                        Attorneys for Plaintiff

By: _____
     JAMES C. DEZAO, ESQ.